## (November 22, 1971)

■ DONALD CASSIDY et al., Appellants, v. STUART V. RICHARDS, INC.,
Respondent.— In an action for a mandatory injunction, plaintiffs appeal from
a judgment of the Supreme Court, Putnam County, entered April 8, 1970,
which dismissed their complaint, after a nonjury trial. Judgment reversed,
on the law and on the facts, and new trial granted for the limited purpose
stated hereinbelow, with costs to abide the event. Plaintiffs, purchasers of a
new home from ·defendant developer, sought to compel the latter ·to enter upon
adjoining properties within the development, under a reservation of drainage
easement, in order to install ·drainage facilities for the purpose of carrying
away surface waters which are eroding plaintiffs' land. Defendant developed
the area with one family homes and,· prior to the sale to plaintiffs, in a docu-
ment recorded in the County Clerk's Office, entitled "Declaration of Cove-
nants and Restrictions", had reserved a right to create ·drainage easements
in connection with the development. The trial court held ·that the reservation
of drainage easement· was solely for the benefit of defendant and did not
obligate it to assure adequate drainage facilities with respect to plaintiffs'
land. We disagree with that determination. The "Declaration of Covenants
and Restrictions" contains the following pertinent language: "STUART V.
RICHARDS, INC., is offering said property for sale, and desiring to establish
a uniform plan or scheme of conditions and restrictions respecting the types
of buildings to be constructed on said lots and governing the use of said
lots and use of any structures to be constructed thereon, *does hereby impose
for the common good and welfare of the community,* the following conditions
and restrictions, which shall run with the land and bind the heirs, successors
and assigns of owners of land in the subdivision: Said premises will be con-
veyed subject to the following covenants, restrictions, reservations, easements
and conditions, which shall extend ·to and be binding upon the heirs and
assigns of the parties hereto: * * * SECOND: * * * the party of
the first part [·defendant] *to maintain and install drainage in and along or
through the premises herein*" (italics supplied). The construction contract
between the parties provided, *inter alia,*: "(30) Purchaser agrees to accept
said premises and the same are subject to: covenants, restrictions, easements
now in effect * * * ·to easements given or to ·be given to governmental
authorities, the electric light, telephone, gas, *water drainage,* sewer, water
lines or other utilities" (italics supplied). In our opinion, the language
employed in the drainage easement covenant and the construction contract,
when read in *pari materia,* burdened ·defendant with an implicit obligation to
provide drainage facilities sufficient to prevent surface waters from flooding
and eroding plaintiffs' plot. In view of the fact that the evidence adduced at
the trial reveals that the surface waters flowing in defendant's development
have ·created massive gullies and ruts on plaintiffs' land and have washed
away much of its top layer of soil, we are constrained to hold that ·defendant's
efforts to contain and ·divert such waters have been patently inadequate.
Although the trial court's denial of injunctive relief herein may have been
correct, the denial did not deprive plaintiffs of their right to establish dam-

ages (*Frey Realty Co.* v. *Ten West 46th St. Corp.*, 285 App. Div. 932). We therefore grant a new trial for the limited purpose of ascertaining the amount of plaintiffs' damages with respect to the restoration of their property and the installation of adequate drainage facilities. We believe, under the facts of this case, that the granting of an injunction would be oppressive (*Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22). Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.